| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| _____ District of _____ |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name** _____

2. **Debtor's unique identifier**

   **For non-individual debtors:**
   ☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___
   ☐ Other _____. Describe identifier _____.

   **For individual debtors:**
   ☐ Social Security number:   xxx – xx– ____ ____ ____ ____
   ☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____
   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)** _____

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** _____

5. **Nature of the foreign proceeding**

   *Check one:*
   ☐ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☐ Yes

Debtor _____   Case number (*if known*)_____
   <small>Name</small>

| | | | |
|---|---|---|---|
| **8.** | **Others entitled to notice** | Attach a list containing the names and addresses of: | |
| | | (i) | all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) | all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) | all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

**9. Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

_____
Number          Street

_____
P.O. Box

_____
City            State/Province/Region     ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number          Street

_____
P.O. Box

_____
City            State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number          Street

_____
P.O. Box

_____
City            State/Province/Region     ZIP/Postal Code

_____
Country

**10. Debtor's website** (URL)   _____

**11. Type of debtor**

*Check one:*

❏ Non-individual (*check one*):

   ❏ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❏ Partnership

   ❏ Other. Specify: _____

❏ Individual

Debtor _____      Case number (*if known*)_____
        Name

**12. Why is venue proper in *this district*?**

Check one:

- ❑ Debtor's principal place of business or principal assets in the United States are in this district.
- ❑ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
  _____.
- ❑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
  _____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____     _____
   Signature of foreign representative            Printed name

Executed on    _____
             MM  / DD /  YYYY

✗ _____     _____
   Signature of foreign representative            Printed name

Executed on    _____
             MM  / DD /  YYYY

**14. Signature of attorney**

✗ _____     Date  _____
   Signature of Attorney for foreign representative       MM  / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number      Street

_____    _____  _____
City                                            State           ZIP Code

_____             _____
Contact phone                                   Email address

_____  _____
Bar number                                            State

Debtor: Senvion GmbH

## SCHEDULE A TO CHAPTER 15 PETITION

**Item 4: Foreign proceeding in which appointment of the foreign representative(s) occurred:**

Self-administration insolvency proceedings under the German Insolvency Act (the *Inzolvenzordnung*) commenced under Hamburg (Germany) Local Court Order No. 67g IN 114/19 dated April 19, 2019, and confirmed by Hamburg (Germany) Local Court Order No. 67g IN 113/19 dated July 1, 2019.

**Item 6: Evidence of the foreign proceeding:**

Attached as Exhibit A is a copy, hereby certified by the foreign representative as a true and correct copy thereof, of Hamburg (Germany) Local Court Order No. 67g IN 113/19 dated July 1, 2019, issued in self-administration insolvency proceedings under the German Insolvency Act (the *Inzolvenzordnung*), and attached as Exhibit B is a certified translation into English thereof.

**Section 7 — Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

1. On October 22, 2019, the Federal Court of Australia recognized Senvion's German insolvency proceedings as a "foreign proceeding" within the meaning of Article 2(a) of the UNCITRAL Model Law on Cross Border Insolvency pursuant to Article 17(2) of that Model Law. Senvion was recognized as the foreign representative in that proceeding.

2. On February 26, 2020, the Ontario (Canada) Superior Court of Justice (Commercial List) recognized Senvion's German insolvency proceedings as a "foreign proceeding" within the meaning of Article 2(a) of the UNCITRAL Model Law on Cross Border Insolvency pursuant to Article 17(2) of that Model Law. Senvion was recognized as the foreign representative in that proceeding.

Debtor: Senvion GmbH

**Item 8: Others entitled to notice:**

Attached is a list containing the names and addresses of: (i) all persons or bodies authorized to administer foreign proceedings of the debtor, (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

See attached **Schedule Al**.

**Item 11: Type of Debtor: Corporate Ownership Statement containing the information described in Fed. R. Bankr. P. 7007.1**

See attached.

EXHIBIT A

- Abschrift -

67g IN 113/19



# AMTSGERICHT HAMBURG
# BESCHLUSS

Über das Vermögen

der im Handelsregister des Amtsgerichts Hamburg unter HRB 137187 eingetragenen Senvion GmbH, Überseering 10, 22297 Hamburg, gesetzlich vertreten durch die Geschäftsführer Herrn Dr. Thorsten Bieg, Überseering 10, 22297 Hamburg, Herrn Dr. Gerrit Hölzle, Überseering 10, 22297 Hamburg, Herrn Neil Jonathan Robson, Herrn Hans-Jürgen Wiecha, Herrn Yves Pierre Christian Rannou und Herrn David Jon Hardy

Geschäftszweig: Gegenstand des Unternehmens ist die Entwicklung, die Produktion und der Vertrieb von Windenergieanlagen

wird wegen Zahlungsunfähigkeit und Überschuldung heute, am 01.07.2019, um 13:23 Uhr das Insolvenzverfahren eröffnet.

Die Eröffnung erfolgt aufgrund des am 09.04.2019 bei Gericht eingegangenen Antrags der Schuldnerin.

Es wird Eigenverwaltung angeordnet. Die Schuldnerin ist berechtigt, unter der Aufsicht des Sachwalters die Insolvenzmasse zu verwalten und über sie zu verfügen (§§ 270 - 285 InsO).

Zum Sachwalter wird ernannt Rechtsanwalt Dr. Christoph Morgen, Sechslingspforte 2, 22087 Hamburg.

Forderungen der Insolvenzgläubiger sind bis zum 02.08.2019 unter Beachtung des § 174 InsO beim Sachwalter anzumelden.

Die Gläubiger werden aufgefordert, dem Sachwalter unverzüglich mitzuteilen, welche Sicherungsrechte sie an beweglichen Sachen oder an Rechten der Schuldnerin in Anspruch nehmen. Der Gegenstand, an dem das Sicherungsrecht beansprucht wird, die Art und der Entstehungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu bezeichnen. Wer diese Mitteilungen schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden Schaden (§ 28 Abs. 2 InsO).

Termin zur Gläubigerversammlung, in der auf der Grundlage eines Berichts der Schuldnerin über den Fortgang des Verfahrens beschlossen wird (Berichtstermin) ist am

<u>Dienstag, 10.09.2019, 09:00 Uhr,</u>

im Hotel SIDE, Drehbahn 49, 20354 Hamburg, Raum XL, 2. UG

Der Termin dient zugleich zur Beschlussfassung der Gläubiger über

- die Person des Sachwalters,
- die Einsetzung und Besetzung des Gläubigerausschuss (§ 68 InsO),

und gegebenenfalls über die nachfolgend bezeichneten Gegenstände:

- die Entscheidung über die Wirksamkeit der Verwaltererklärung zu Vermögen aus selbstständiger Tätigkeit (§ 35 Abs. 2 InsO),
- die Zwischenrechnungslegung gegenüber der Gläubigerversammlung (§ 66 Abs. 3 InsO),
- die Hinterlegungsstelle und Bedingungen zur Anlage und Hinterlegung von Geld, Wertpapieren und Kostbarkeiten (§ 149 InsO),
- die Entscheidung über den Fortgang des Verfahrens (§ 157 InsO),
  - besonders bedeutsame Rechtshandlungen des Sachwalters (§ 160 InsO); insbesondere: Veräußerung des Unternehmens oder des Betriebs der Schuldnerin, des Warenlagers im ganzen, eines unbeweglichen Gegenstandes aus freier Hand, einer Beteiligung der Schuldnerin an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, die Aufnahme eines Darlehens, das die Masse erheblich belasten würde, Anhängigmachung, Aufnahme, Beilegung oder Vermeidung eines Rechtsstreits mit erheblichem Streitwert,
- die Betriebsveräußerung an besonders Interessierte oder Betriebsveräußerung unter Wert (§§ 162, 163 InsO),
- die Beantragung der Anordnung oder der Aufhebung der Anordnung einer Eigenverwaltung (§§ 271 und 272 InsO),
- die Zahlung von Unterhalt aus der Insolvenzmasse (§§ 100, 101 InsO)
- und unter Umständen zur Anhörung über eine Verfahrenseinstellung mangels Masse (§ 207 InsO).

Nimmt an der Gläubigerversammlung kein stimmberechtigter Gläubiger teil (Beschlussunfähigkeit), so gilt die Zustimmung zu besonders bedeutsamen Rechtshandlungen der Schuldnerin als erteilt (§ 160 Abs. 1 Satz 3 InsO).

Termin zur Prüfung der angemeldeten Forderungen (Prüfungstermin) ist am

<u>Mittwoch, 11.09.2019, 09:00 Uhr,</u>

im Hotel SIDE, Drehbahn 49, 20354 Hamburg, Raum XL, 2. UG

Die Tabelle mit den Forderungen und die Anmeldeunterlagen werden spätestens ab dem 16.08.2019 zur Einsicht der Beteiligten auf der Geschäftsstelle des Insolvenzgerichts Hamburg, Raum B403 niedergelegt.

Der Sachwalter wird beauftragt, die nach § 30 Abs. 2 InsO zu bewirkenden Zustellungen an die Schuldner der Schuldnerin (Drittschuldner) sowie an die Gläubiger durchzuführen (§ 8 Abs. 3 InsO).

**Rechtsmittelbelehrung:**

Gegen diesen Beschluss steht der Schuldnerin/dem Schuldner das Rechtsmittel der sofortigen Beschwerde gem. § 34 Abs. 2 InsO zu. Die sofortige Beschwerde ist bei dem Amtsgericht Hamburg, Sievekingplatz 1, 20355 Hamburg schriftlich in deutscher Sprache oder zur Niederschrift der Geschäftsstelle einzulegen. Die Beschwerde kann auch zur Niederschrift der Geschäftsstelle eines jeden Amtsgerichtes erklärt werden.

Die sofortige Beschwerde muss innerhalb von zwei Wochen bei dem Amtsgericht Hamburg eingegangen sein. Dies gilt auch dann, wenn die Beschwerde zur Niederschrift der Geschäftsstelle eines anderen Amtsgerichtes abgegeben wurde.

Die Frist beginnt mit der Verkündung der Entscheidung oder, wenn diese nicht verkündet wird, mit deren Zustellung. Zum Nachweis der Zustellung genügt auch die öffentliche Bekanntmachung. Diese gilt als bewirkt, sobald nach dem Tag der unter www.insolvenzbekanntmachungen.de erfolgten Veröffentlichung zwei weitere Tage verstrichen sind. Maßgeblich für den Beginn der Beschwerdefrist ist der frühere Zeitpunkt.

Die sofortige Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass sofortige Beschwerde gegen diesen Beschluss eingelegt wird. Sie soll begründet werden.

Hamburg, 01.07.2019
Amtsgericht

Dr. Schmidt
Richter am Amtsgericht

EXHIBIT B





## CERTIFICATE OF TRANSLATION
## OF
## ANJA BRITO

I, Anja K. Brito, of the City of Montreal in the Province of Quebec, Canada, SOLEMNLY AFFIRM:

1. I am a German to English translator for Alexa Translations and I am fluent in the written and spoken languages of German and English;

2. I am certified to translate German into English by the Association of Translators & Interpreters of Ontario (ATIO);

3. Attached hereto and marked as Exhibit "A" to this, my Certificate, is a photocopy of the original German document [a court order ordering the opening of insolvency proceedings against Senvion GmbH];

4. Attached hereto and marked as Exhibit "B" to this, my Certificate, is the true, correct and full translation into English to the best of my knowledge, skills and abilities of the above mentioned German document [a court order ordering the opening of insolvency proceedings against Senvion GmbH].

I solemnly affirm this 6th day of February 2020, that the above content of this, my Certificate, is true.



Anja K. Brito
Certified Translator

2001 Sheppard Avenue East, Suite 801, Toronto, ON, M2J 4Z8
info@alexatranslations.com | 1-877-452-5224 | alexatranslations.com

TO MTL NYC

**Exhibit A**

Hamburg
+4940427983297         02.07.2019 11:34:38  PAGE   3/005   E-Fax-Service

- Abschrift -

67g IN 113/19



# AMTSGERICHT HAMBURG
# BESCHLUSS

Über das Vermögen

der im Handelsregister des Amtsgerichts Hamburg unter HRB 137187 eingetragenen Senvion GmbH, Überseering 10, 22297 Hamburg, gesetzlich vertreten durch die Geschäftsführer Herrn Dr. Thorsten Bieg, Überseering 10, 22297 Hamburg, Herrn Dr. Gerrit Hölzle, Überseering 10, 22297 Hamburg, Herrn Neil Jonathan Robson, Herrn Hans-Jürgen Wiecha, Herrn Yves Pierre Christian Rannou und Herrn David Jon Hardy

Geschäftszweig: Gegenstand des Unternehmens ist die Entwicklung, die Produktion und der Vertrieb von Windenergieanlagen

wird wegen Zahlungsunfähigkeit und Überschuldung heute, am 01.07.2019, um 13:23 Uhr das Insolvenzverfahren eröffnet.

Die Eröffnung erfolgt aufgrund des am 09.04.2019 bei Gericht eingegangenen Antrags der Schuldnerin.

Es wird Eigenverwaltung angeordnet. Die Schuldnerin ist berechtigt, unter der Aufsicht des Sachwalters die Insolvenzmasse zu verwalten und über sie zu verfügen (§§ 270 - 285 InsO).

Zum Sachwalter wird ernannt Rechtsanwalt Dr. Christoph Morgen, Sechslingspforte 2, 22087 Hamburg.

Forderungen der Insolvenzgläubiger sind bis zum 02.08.2019 unter Beachtung des § 174 InsO beim Sachwalter anzumelden.



**Exhibit A**

Hamburg +4940427983297        02.07.2019 11:34:38   PAGE   4/005   E-Fax-Service

Die Gläubiger werden aufgefordert, dem Sachwalter unverzüglich mitzuteilen, welche Sicherungsrechte sie an beweglichen Sachen oder an Rechten der Schuldnerin in Anspruch nehmen. Der Gegenstand, an dem das Sicherungsrecht beansprucht wird, die Art und der Entstehungsgrund des Sicherungsrechts sowie die gesicherte Forderung sind zu bezeichnen. Wer diese Mitteilungen schuldhaft unterlässt oder verzögert, haftet für den daraus entstehenden Schaden (§ 28 Abs. 2 InsO).

Termin zur Gläubigerversammlung, in der auf der Grundlage eines Berichts der Schuldnerin über den Fortgang des Verfahrens beschlossen wird (Berichtstermin) ist am

Dienstag, 10.09.2019, 09:00 Uhr,

im Hotel SIDE, Drehbahn 49, 20354 Hamburg, Raum XL, 2. UG

Der Termin dient zugleich zur Beschlussfassung der Gläubiger über

- die Person des Sachwalters,
- die Einsetzung und Besetzung des Gläubigerausschuss (§ 68 InsO),

und gegebenenfalls über die nachfolgend bezeichneten Gegenstände:

- die Entscheidung über die Wirksamkeit der Verwaltererklärung zu Vermögen aus selbstständiger Tätigkeit (§ 35 Abs. 2 InsO),
- die Zwischenrechnungslegung gegenüber der Gläubigerversammlung (§ 66 Abs. 3 InsO),
- die Hinterlegungsstelle und Bedingungen zur Anlage und Hinterlegung von Geld, Wertpapieren und Kostbarkeiten (§ 149 InsO),
- die Entscheidung über den Fortgang des Verfahrens (§ 157 InsO),
- besonders bedeutsame Rechtshandlungen des Sachwalters (§ 160 InsO); insbesondere: Veräußerung des Unternehmens oder des Betriebs der Schuldnerin, des Warenlagers im ganzen, eines unbeweglichen Gegenstandes aus freier Hand, einer Beteiligung der Schuldnerin an einem anderen Unternehmen, die der Herstellung einer dauernden Verbindung zu diesem Unternehmen dienen soll, die Aufnahme eines Darlehens, das die Masse erheblich belasten würde, Anhängigmachung, Aufnahme, Beilegung oder Vermeidung eines Rechtsstreits mit erheblichem Streitwert,
- die Betriebsveräußerung an besonders Interessierte oder Betriebsveräußerung unter Wert (§§ 162, 163 InsO),
- die Beantragung der Anordnung oder der Aufhebung der Anordnung einer Eigenverwaltung (§§ 271 und 272 InsO),
- die Zahlung von Unterhalt aus der Insolvenzmasse (§§ 100, 101 InsO)
- und unter Umständen zur Anhörung über eine Verfahrenseinstellung mangels Masse (§ 207 InsO).



**Exhibit A**

Hamburg                 02.07.2019  11:34:38  PAGE   5/005   E-Fax-Service
+4940427983297

Nimmt an der Gläubigerversammlung kein stimmberechtigter Gläubiger teil (Beschlussunfähigkeit), so gilt die Zustimmung zu besonders bedeutsamen Rechtshandlungen der Schuldnerin als erteilt (§ 160 Abs. 1 Satz 3 InsO).

Termin zur Prüfung der angemeldeten Forderungen (Prüfungstermin) ist am

<u>Mittwoch, 11.09.2019, 09:00 Uhr,</u>

im Hotel SIDE, Drehbahn 49, 20354 Hamburg, Raum XL, 2. UG

Die Tabelle mit den Forderungen und die Anmeldeunterlagen werden spätestens ab dem 16.08.2019 zur Einsicht der Beteiligten auf der Geschäftsstelle des Insolvenzgerichts Hamburg, Raum B403 niedergelegt.

Der Sachwalter wird beauftragt, die nach § 30 Abs. 2 InsO zu bewirkenden Zustellungen an die Schuldner der Schuldnerin (Drittschuldner) sowie an die Gläubiger durchzuführen (§ 8 Abs. 3 InsO).

Rechtsmittelbelehrung:

Gegen diesen Beschluss steht der Schuldnerin/dem Schuldner das Rechtsmittel der sofortigen Beschwerde gem. § 34 Abs. 2 InsO zu. Die sofortige Beschwerde ist bei dem Amtsgericht Hamburg, Sievekingplatz 1, 20355 Hamburg schriftlich in deutscher Sprache oder zur Niederschrift der Geschäftsstelle einzulegen. Die Beschwerde kann auch zur Niederschrift der Geschäftsstelle eines jeden Amtsgerichtes erklärt werden.
Die sofortige Beschwerde muss innerhalb von zwei Wochen bei dem Amtsgericht Hamburg eingegangen sein. Dies gilt auch dann, wenn die Beschwerde zur Niederschrift der Geschäftsstelle eines anderen Amtsgerichtes abgegeben wurde.
Die Frist beginnt mit der Verkündung der Entscheidung oder, wenn diese nicht verkündet wird, mit deren Zustellung. Zum Nachweis der Zustellung genügt auch die öffentliche Bekanntmachung. Diese gilt als bewirkt, sobald nach dem Tag der unter www.insolvenzbekanntmachungen.de erfolgten Veröffentlichung zwei weitere Tage verstrichen sind. Maßgeblich für den Beginn der Beschwerdefrist ist der frühere Zeitpunkt.
Die sofortige Beschwerde muss die Bezeichnung des angefochtenen Beschlusses sowie die Erklärung enthalten, dass sofortige Beschwerde gegen diesen Beschluss eingelegt wird. Sie soll begründet werden.

Hamburg, 01.07.2019
Amtsgericht

Dr. Schmidt
Richter am Amtsgericht



**Exhibit B**

- Copy -

67g IN 113/19

[Coat of Arms]

# HAMBURG LOCAL COURT
# ORDER

On grounds of insolvency and over-indebtedness, insolvency proceedings are opened today, 01 July 2019, at 1:23 p.m., against the assets of

Senvion GmbH, Überseering 10, 22297 Hamburg, registered in the corporate register of the Hamburg Local Court under HRB 137187 and legally represented by its managing directors Dr. Thorsten Bieg, Überseering 10, 22297 Hamburg, Dr. Gerrit Holzle, Überseering 10, 22297 Hamburg, Mr. Neil Jonathan Robson, Mr. Hans-Jurgen Wiecha, Mr. Yves Pierre Christian Rannou, and Mr. David Jon Hardy.

Line of business: The company's object is the development, production and sale of wind power plants.

The proceedings are opened on the basis of an application by the debtor received by the court on 9 April 2019.

The court hereby orders debtor-in-possession management. The debtor shall be entitled to manage and dispose of the assets involved in the insolvency proceedings under the supervision of the insolvency monitor (Secs. 270 - 285 of the German Insolvency Statute [InsO]).

Dr. Christoph Morgen, Sechslingspforte 2, 22087 Hamburg, Attorney-at-Law, is hereby appointed as insolvency monitor.

The claims of the insolvency creditors shall be filed with the insolvency monitor by 02 August 2019, in compliance with the provisions of Sec. 174 InsO.



*Exhibit B*

The creditors shall be required to immediately advise the insolvency monitor of any security interests they claim to have in any movable assets or rights of the debtor. Details are to be provided of the object of the claimed security interest, the nature and causal origin of the security interest, as well as the secured claim. Any person who, by fault, fails to provide this information, or provides it late, shall be liable for any resulting damage (Sec. 28(2) InsO).

The creditors' assembly that will decide on the continuation of the insolvency proceedings based on the debtor's report (report meeting) shall be scheduled for

Tuesday, 10 September 2019, 9:00 a.m.

at Hotel SIDE, Drehbahn 49, 20354 Hamburg, room XL, 2nd upper floor.

At that meeting, the creditors shall also decide on
- the person of the insolvency monitor;
- the establishment and composition of the creditors' committee (Sec. 68 InsO);

and, if applicable, also on the following matters:
- the legal validity of the insolvency monitor's declaration regarding assets from self-employment (Sec. 35(2) InsO);
- the rendering of interim accounts to the creditors' assembly (section 66(3) InsO);
- the deposit agency and conditions of deposit or investment of currency, securities, and objects of value (Sec. 149 InsO);
- the decision on the further proceedings (Sec. 157 InsO);
  - transactions of particular importance conducted by the insolvency monitor (Sec. 160 InsO); in particular: sale of the debtor's enterprise or plant, of the entire stock as a whole, of an immovable asset by way of a private sale, or of the debtor's shares in another enterprise if such shares are meant to bring about a permanent affiliation to such other enterprise; taking out a loan that would constitute a considerable burden on the insolvency estate; bringing, joining, settling, or refusing to bring a court action with a considerable value in dispute;
- sale of the enterprise to persons with specific interests, or sale of the enterprise below value (Sec. 162, 163 InsO);
- the filing of a request for an order ordering or repealing debtor-in-possession management (Secs. 271 and 272 InsO);
- payment of maintenance from the insolvency estate (Secs. 100, 101 InsO);
- and, if applicable, a hearing aimed at discontinuing the insolvency proceedings due to insufficiency of assets (Secs. 207 InsO).



*Exhibit B*

if no creditors with voting rights attend the creditors' assembly (lack of quorum), consent shall be deemed to have been given for any transactions of particular importance conducted by the debtor (Sec. 160(1) 3rd sentence InsO).

The date for the review of the registered claims (review date) has been set for

<u>Wednesday, 11 September 2009, 9:00 a.m.,</u>

at Hotel SIDE, Drehbahn 49, 20354 Hamburg, room XL, 2nd upper floor.

The table with the claims and the registration documents will be available for review by the stakeholders at the court registry of the Hamburg Insolvency Court, room B403, by no later than 16 August 2019.

The insolvency monitor is hereby instructed to serve the documents required under Sec. 30(2) InsO on the debtor's debtors (third-party debtors) as well as on the creditors (Sec. 8(3) InsO).

**Information on legal remedies:**

The debtor can bring an immediate appeal against this order in accordance with Sec. 34(2) InsO. The immediate appeal must be brought before the Hamburg Local Court, Sievekingplatz 1, 20355 Hamburg; it must be filed in the German language either in written form or for transcription by the court registry. Moreover, the appeal can also be filed for transcription with the court registry of any local court.
The immediate appeal must be received by the Hamburg Local Court within a period of two weeks. This also applies if the appeal has been filed for transcription with the registry office of another local court.
The two-week period shall start with the proclamation of the order or, if the order is not proclaimed, with the date on which it was served. For proof of service, public notice shall suffice. Public notice shall be deemed to have been effected as soon as two additional days have elapsed after the day the notice was published at www.insolvenzbekanntmachungen.de. The appeal period shall commence on the earlier of the aforementioned dates.
The immediate appeal must contain the docket number of the contested order as well as a declaration stating that an immediate appeal against said order is being lodged and laying out the grounds for the appeal.

Hamburg, 01 July 2017
Local Court

Dr. Schmidt
Judge at the Local Court



Debtor: Senvion GmbH

## Schedule Al: Senvion GmbH

**Item 8 — Others Entitled to Notice:**

1. List containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor.

    Senvion GmbH

    Attention: Joint Chief Restructuring Officers Dr. Gerrit Hölzle and Dr. Thorsten Bieg

    10 Überseering (Oval Office)

    Hamburg 22297

    Federal Republic of Germany

2. List containing the names and addresses of all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition:

    **none.**

3. List containing the names and addresses of all entities against whom provisional relief is being sought under §1519 of the Bankruptcy Code.

    **none.**