**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-12621 (TBM) |
| SENVION GMBH | ) | Chapter 15 |
| | ) | |
| | ) | |
| Debtor in Foreign Proceeding | ) | |

**STATUS REPORT**

NOW INTO COURT, through undersigned counsel, comes Senvion GmbH (sometimes referred to as "Debtor"), which files this status report pursuant to the order of this Court dated June 18, 2025.

**Background**

Senvion GmbH is a limited liability company (*Gesellschaft mit beschränkter Haftung*) governed by German law and registered in Hamburg. On April 9, 2019, Debtor applied to the Hamburg Local Court (*Amtsgericht* - Insolvency Court) for the commencement of preliminary insolvency proceedings subject to debtor-in-possession (*Eigenverwaltung*). That application was granted on the same day and preliminary debtor-in-possession insolvency proceedings were commenced.

On July 1, 2019, the Hamburg Local Court (also referred to as the "German Court") confirmed that Debtor's preliminary application was substantiated and formally commenced debtor-in-possession insolvency subject to German Court-appointed monitor supervision; one Dr. Christoph Morgen of the German law firm Brinkmann & Partner was appointed in the role of insolvency monitor.

The purpose of debtor-in-possession insolvency under German law is to ensure that the operating business of the Debtor may be effectively managed during the insolvency process, with a view to benefitting the creditors. Debtor's operative business consisted in the manufacture, sale and

1

servicing of wind park machinery and components along with the servicing, maintenance and monitoring of wind turbine facilities globally.

Debtor's application for, and the German Court's approval of, the debtor-in-possession insolvency model was made to enable the operative servicing business to be continued during Debtor's insolvency, primarily with a view to selling the operative business as a going-concern asset (as opposed to a liquidation sale). Debtor's various global subsidiaries were to be sold or wound up on a solvent basis (to the extent possible) or sent into their own insolvency proceedings (depending on the respective status). These activities have largely been completed.

Debtor has wound down its operations in stages, including dismissing the majority of its personnel, liquidating unsaleable subsidiaries and shutting down its entire physical presence.

As a consequence of ceasing and/or selling its operative business the Debtor applied for, and was granted, permission to shift from the original debtor-in-possession insolvency into so-called standard insolvency (*Regelinsolvenz*). This shift took effect on October 1, 2024. The insolvency monitor to date, Dr. Christoph Morgen, has since assumed the role of insolvency administrator (*Insolvenzverwalter*). His mandate, and that of Senvion GmbH, now encompasses the liquidation of Senvion's remaining assets (including debts owed to the Debtor), the adjudication of creditor claims filed to date and ultimately the distribution of the Debtor's assets.

Debtor's Present Status and Activities

Debtor's global workforce now consists only of a few individuals. The use of its headquarters has been discontinued. Core internal functions have likewise been wound down. Debtor's residual operative activities have largely concluded, subject to the following details.

In accordance with the present mandate of the insolvency administrator Debtor's present activities consist almost exclusively of the following:

Pursuing outstanding claims against e.g., former customers for debts owed.

2

Claim collection is undertaken in the interest of securing assets for distribution to all of the (global) creditors of Debtor.

Debtor's Residual Assets.

The Debtor's United States subsidiaries were discontinued as at the last day of 2021, although interactions with respect to the tax reporting and refund rights and obligations of the Debtor and its subsidiaries remain ongoing with the relevant tax authorities. It is possible that one or more United States subsidiary will need to be reactivated in 2026 in order to ensure that various US and German tax filings can be properly updated.

Processing Creditor Claims.

Many thousands of creditor claims have been filed and are in the process of being recognized (or contested where these are insufficiently substantiated). Debtor is registered as being in formal liquidation proceedings in which the liquidation, evaluation and registration of creditor claims may occur from time to time.

Present Anticipated Duration of Chapter 15 Proceeding and Court Intervention

Debtor's efforts to settle, relinquish, or assert (via commencement of appropriate legal proceedings) of its North American claims, including any potential U.S.-linked claims, have encountered challenges which have led to the need to initiate litigation (presently in preparation, as such litigation will relate to U.S.-based counterparties or very recently concluded).

Specifically, the Debtor had been forced, by the failure of its own debtors to honor their obligations to the Debtor, to file an action on November 23, 2023, in the Ontario (Canada) Superior Court of Justice (the "Ontario Court") (bearing Ontario Court File No. CV-23-00696456-0000)(the "Canadian Action"), against Mesgi'g Ugju's'n (MU) Wind Farm LP and its general partner Mesgi'g Ugju's'n (MU) Wind Farm Inc., seeking an order from the Ontario Court requiring the named defendants to honor a previously granted order of payment issued by the

3

Ontario Court.  This action was amicably settled on October 31, 2025, after the Supreme Court of Canada denied leave to appeal brought by the defendants, and the action was withdrawn before the Ontario Court as a result of the settlement. In the context of the settlement the Debtor was able to collect over USD 2 million in outstanding receivables.

In the United States of America, the Debtor anticipates that it will be required, through the commencement of actions in the first quarter of 2026, to address the potential liability of a transferee of certain assets believed to be encumbered by a statutory lien for services rendered by Debtor . The Debtor has to date and in 2025 made every good-faith effort to reach a resolution without the need to resort to formal legal action.

More generally, as the Debtor's insolvency proceeding before the German Court will continue for an unspecified period of time, Debtor cannot provide the Court with a firm timeline for the Debtor's requested closure of this Chapter 15 proceeding. Save for the determination with regard to claims and its final activities with respect to tax matters with regard to the jurisdictions in which it previously operated within the United States of America, however, all material activity in respect of the past U.S. activities of the Debtor have been concluded.  Debtor continues globally to exert concentrated and focused efforts to ensure maximum recovery for secured and unsecured creditors, including with respect to the assertion of rights. Insofar as Debtor's counterparties may seek to avoid or deny the effect of this Court's recognition of the primacy of the German Court's insolvency proceeding, the Debtor may seek judicial intervention to ensure that the purpose and intent of this Court's Order under Chapter 15 is honored.

Dated:  December 16, 2025

Respectfully submitted,

/s/ Glen W. Roberts II

Glen W. Roberts II (SBNY 2840510)
ROBERTS GLOBAL COUNSEL LLC
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Telephone number: (212) 300-2899, ext. 501
Facsimile number: (646) 786-3462
E-mail address: gwr@robertsglobal.us

ATTORNEYS FOR DEBTOR AS FOREIGN REPRESENTATIVE